FILED
2008 SEP -3 PM 2: 54
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHEN L. McCLEERY, § <br> Plaintiff § <br> § <br> v. § <br> § <br> § <br> SUPERIOR ASSET MANAGEMENT, INC. § <br> Defendant § | CIVIL ACTION NO. A08CA 660 SS |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Introduction

1. This is an action for actual and statutory damages brought by plaintiff, Stephen L. McCleery, an individual consumer, against defendant, Superior Asset Management, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### Parties

3. Plaintiff Stephen L. McCleery is a natural person residing in the Western District of Texas, Austin Division.

4. Defendant Superior Asset Management, Inc., is a Georgia corporation engaged in the business of collecting debts in this state with its principal place of business located at 1000

1

Abernathy Road, Suite 1000, Atlanta, Georgia 30328. The principal purpose of defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## Factual Background

6. By correspondence on the letterhead of defendant in July, 2008, defendant mailed a collection letter to plaintiff demanding payment of a debt.

7. The collection letter was received by plaintiff at his residence in Austin, Texas.

8. The alleged debt of plaintiff identified in the letter was allegedly incurred for personal, family, or household services.

9. By letter dated August 3, 2008, within thirty (30) days after receipt of the letter, plaintiff's counsel sent a letter to defendant notifying defendant that plaintiff disputed the alleged debt.

10. Even though the August 3, 2008, letter from counsel disputes the debt and refers to the federal statute, defendant failed to verify the debt and failed to contact plaintiff's counsel about the alleged debt.

11. Since receipt of the letter from plaintiff's counsel, defendant has sent other collection letters to plaintiff regarding the same alleged debt.

12. In addition, defendant continues to call plaintiff on his home telephone. Defendant leaves messages that violate the law. For example, defendant messages like the following:

2

> This message is for [plaintiff]. By continuing to listen to this message, you are acknowledging that you are [plaintiff]. It's important that you call Chris Fairchild as soon as possible at _____. This is an attempt to collect a debt. Call _____ . . .

13.     As a result of the acts above, plaintiff suffered compensable damages.

### Claims for Relief

14.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(A)     Defendant failed to send plaintiff a validation notice within five days of the initial communication, either written or oral.

(B)     After plaintiff requested validation of the debt, defendant continued collection activities.

(C)     Defendant's communication contained a false impression of the character, amount, or legal status of the alleged debt.

(D)     Defendant used false, deceptive, or misleading representations or means in connection with the debt collection.

(E)     Defendant attempted to collect any amount not authorized by any agreement creating a debt.

(F)     Defendant's communication creates confusion about the plaintiff's rights.

(G)     Defendant used unfair or unconscionable means to attempt to collect the alleged debt.

(H)     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt.

15. As a result of the foregoing violations of the FDCPA, defendant is liable to plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## Prayer

16. ACCORDINGLY, plaintiff requests that judgment be entered against defendant for the following:

A. Declaratory judgment that defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. §1692k;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)

By: _____
Joe K. Crews
State Bar No. 05072500

ATTORNEYS FOR PLAINTIFF